IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TEVA PHARMACEUTICALS
INTERNATIONAL GMBH, CEPHALON,
INC., and EAGLE PHARMACEUTICALS,
INC.,

        Plaintiffs,

    v.

LUPIN, LTD. and LUPIN
PHARMACEUTICALS, INC.,
        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No.

## COMPLAINT

Plaintiffs Teva Pharmaceuticals International GmbH ("Teva Pharmaceuticals"), Cephalon, Inc. ("Cephalon," and collectively with Teva Pharmaceuticals, "Teva"), and Eagle Pharmaceuticals, Inc. ("Eagle") (collectively "Plaintiffs"), by their attorneys, for their Complaint, allege as follows:

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C., and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, 35 U.S.C., that arises out of Lupin Ltd's submission of Abbreviated New Drug Application ("ANDA") No. 212412 ("Lupin's ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a generic version of BENDEKA® (bendamustine hydrochloride) Injection, 100 mg/4 mL (25 mg/mL) ("BENDEKA®"), prior to the expiration of U.S. Patent Nos. 8,609,707 (the "'707 patent"); 9,265,831 (the "'831 patent"); 9,572,796 (the "'796 patent"); 9,572,797 (the "'797 patent"); 9,034,908 (the "'908 patent"); 9,144,568 (the "'568

patent"); 9,572,887 (the "'887 patent"); 9,597,397 (the "'397 patent"); 9,597,398 (the "'398 patent"); 9,597,399 (the "'399 patent"); 9,000,021 (the "'021 patent"); 9,579,384 (the "'384 patent"), 10,010,533 (the "'533 patent"); and 10,052,385 (the "'385 patent") (collectively, the "Orange Book Patents").

## PARTIES

2.      Plaintiff Teva Pharmaceuticals is a limited liability company organized and existing under the laws of Switzerland, having its corporate offices and principal place of business at Schlüsselstrasse 12, Jona (SG) 8645, Switzerland.

3.      Plaintiff Cephalon is a corporation organized and existing under the laws of Delaware, having its corporate offices and principal place of business at 41 Moores Road, Frazer, Pennsylvania 19355.

4.      Plaintiff Eagle is a corporation organized and existing under the laws of Delaware, having its corporate offices and principal place of business at 50 Tice Boulevard, Suite 315, Woodcliff Lake, New Jersey 07677.

5.      On information and belief, Defendant Lupin Ltd. is a company organized and existing under the laws of the Republic of India having its principal place of business at B/4 Laxmi Towers, Bandra Kurla Complex Bandra (E), Mumbai 400051, Republic of India.   On information and belief, Lupin Ltd. is in the business of, among other things, manufacturing and selling generic versions of pharmaceutical drug products through various operating subsidiaries, including Lupin Pharmaceuticals, Inc.

6.      On information and belief, Defendant Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware, with a principle place of business at Harborplace Tower, 111 South Calvert Street, 21st Floor, Baltimore, Maryland 21202.   On

information and belief, Lupin Pharmaceuticals, Inc. is a wholly owned subsidiary of Lupin Ltd. On information and belief, Lupin Pharmaceuticals, Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs in the United States.

7. On information and belief, Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") acted in concert to prepare and submit Lupin's ANDA to the FDA.

8. On information and belief, Lupin Ltd. and Lupin Pharmaceuticals, Inc. know and intend that upon approval of Lupin's ANDA, Lupin will manufacture, market, sell, and distribute Lupin's ANDA Product throughout the United States, including in Delaware. On information and belief, Lupin Ltd. and Lupin Pharmaceuticals, Inc. are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Lupin's ANDA Product, and enter into agreements that are nearer than arm's length. On information and belief, Lupin Ltd. and Lupin Pharmaceuticals, Inc. participated, assisted, and cooperated in carrying out the acts complained of herein.

9. On information and belief, following any FDA approval of Lupin's ANDA, Lupin Ltd. and Lupin Pharmaceuticals, Inc. will act in concert to distribute and sell Lupin's ANDA Product throughout the United States, including within Delaware.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

11. Based on the facts and causes alleged herein, and for additional reasons to be further developed through discovery if necessary, this Court has personal jurisdiction over Lupin Ltd. and Lupin Pharmaceuticals, Inc.

12.     This Court has personal jurisdiction over Lupin Ltd. because, among other things, Lupin Ltd. itself and through its wholly owned subsidiary Lupin Pharmaceuticals, Inc., has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  On information and belief, Lupin Ltd., itself and through its wholly owned subsidiary Lupin Pharmaceuticals, Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in Delaware, and therefore transacts business within Delaware relating to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within Delaware.  In addition, this Court has personal jurisdiction over Lupin Ltd. because, on information and belief, Lupin Ltd. controls and dominates Lupin Pharmaceuticals, Inc. and therefore the activities of Lupin Pharmaceuticals, Inc. in this jurisdiction are attributed to Lupin Ltd.

13.     This Court has personal jurisdiction over Lupin Pharmaceuticals, Inc. because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware.  Therefore, Lupin Pharmaceuticals, Inc. has consented to general jurisdiction in Delaware. In addition, on information and belief, Lupin Pharma develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in, and therefore transacts business within Delaware relating to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within Delaware.

14.     In addition, this Court also has personal jurisdiction over Lupin Ltd. and Lupin Pharmaceuticals, Inc. because, among other things, on information and belief: (1) Lupin

Ltd. filed Lupin's ANDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of the generic product described in Lupin's ANDA in the United States, including in Delaware; and (2) Lupin Ltd. and Lupin Pharmaceuticals, Inc. will market, distribute, offer for sale, and/or sell the generic product described in Lupin's ANDA in the United States, including in Delaware, upon approval of Lupin's ANDA and will derive substantial revenue from the use or consumption of the generic product described in Lupin's ANDA in Delaware. *See Acorda Therapeutics Inc. v. Lupin Pharm. Inc.*, 817 F.3d 755, 763 (Fed. Cir. 2016). On information and belief, if Lupin's ANDA is approved, the generic product described in Lupin's ANDA would, among other things, be marketed, distributed, offered for sale, and/or sold in Delaware; prescribed by physicians practicing in Delaware; dispensed by pharmacies located within Delaware; and/or used by patients in Delaware, all of which would have a substantial effect on Delaware.

15.     In addition, this Court has personal jurisdiction over Lupin Ltd. and Lupin Pharmaceuticals, Inc. because they have committed, aided, abetted, induced, contributed to, or participated in the commission of the tortious act of patent infringement that has led and/or will lead to foreseeable harm and injury to Cephalon and Eagle, both Delaware corporations.

16.     In addition, this Court has personal jurisdiction over Lupin Ltd. and Lupin Pharmaceuticals, Inc. because they regularly engage in patent litigation concerning Lupin's ANDA Products in this District, do not contest personal jurisdiction in this District, and have purposefully availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this court.[1]

---

[1] *See, e.g.*, *Merck Sharp & Dohme Corp. v. Lupin Ltd.*, C.A. No. 19-357-RGA (D. Del. Apr. 22, 2019) (Lupin Ltd.), D.I. 12; *Genentech, Inc. v. Lupin Ltd.*, C.A. No. 1-110-RGA (D. Del. Mar. 15, 2019) (Lupin Ltd.), D.I. 10; *Genentech, Inc. v. Lupin Ltd.*, C.A. No. 1-109-RGA

17.     For the above reasons, it would not be unfair or unreasonable for Lupin Ltd. or Lupin Pharmaceuticals, Inc. to litigate this action in this District, and the Court has personal jurisdiction over Lupin Ltd. and Pharmaceuticals, Inc. here.

## VENUE

18.     Plaintiffs incorporate each of the proceeding paragraphs 1–17 as if fully set forth herein.

19.     Venue is proper in this District under 28 U.S.C. § 1391 with respect to Lupin Ltd. at least because, on information and belief, Lupin Ltd. is a foreign corporation that may be sued in any judicial district in which it is subject to the court's personal jurisdiction.

20.     Venue is proper in this District under 28 U.S.C. § 1400(b) with respect to Lupin Pharmaceuticals, Inc. at least because, Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware and is subject to personal jurisdiction in this District.

## BACKGROUND

21.     BENDEKA®, which contains bendamustine hydrochloride, is an alkylating drug that is indicated for the treatment of patients with chronic lymphocytic leukemia, as well as

---

(D. Del. Mar. 15, 2019), D.I. 10 (Lupin Ltd.); *Keryx Biopharmaceuticals, Inc. v. Lupin Ltd.*, C.A. No. 18-1968-LPS (D. Del. Feb. 12, 2019) (Lupin Ltd.); D.I. 11; *Boehringer Ingelheim Pharm. Inc. v. Lupin Ltd.*, C.A. No. 18-1690 (D. Del. Feb. 1, 2019) (Lupin Ltd.), D.I. 14; *Anacor Pharm., Inc. v. Lupin Ltd.*, C.A. No. 18-1606-RGA (D. Del. Nov. 8, 2018), D.I. 16 (Lupin Ltd.); *H. Lundbeck A/S v. Lupin Ltd.*, C.A. No. 18-777-LPS (D. Del. Jun. 12, 2018), D.I 11 (Lupin Ltd.); *Bial-Portela & CA S.A. v. Lupin Ltd.*, C.A. No. 18-312-VAC-MPT (D. Del. Apr. 18, 2018) (Lupin Ltd.), D.I. 8; *Bayer Intellectual Prop. GmbH v. Lupin Ltd.*, C.A. No. 17-1047-RGA (D. Del. Aug. 22, 2017), D.I. 9 (Lupin Ltd. and Lupin Pharma); *ViiV Healthcare Co. v. Lupin Ltd.*, C.A. No. 17-1576-VAC-CJB (D. Del. Dec. 19, 2017), D.I. 17 (Lupin Ltd. and Lupin Pharma); *Astellas Pharma Inc. v. Lupin Ltd.*, C.A. No. 16-908-JFB-CJB (D. Del. Jan. 17, 2017), D.I. 20; (Lupin Ltd. and Lupin Pharma); *Arena Pharm., Inc. v. Lupin Ltd.*, C.A. No. 16-887-RGA (D. Del. Jan. 11, 2017) (Lupin Ltd. and Lupin Pharma), D.I. 12.

for the treatment of patients with indolent B-cell non-Hodgkin lymphoma that has progressed during or within six months of treatment with rituximab or a rituximab-containing regimen.

22.     Eagle is the holder of NDA No. 208194 for BENDEKA®, which has been approved by the FDA.

23.     The '707 patent, entitled "Formulations of Bendamustine" (Exhibit A hereto), was duly and legally issued on December 17, 2013.  Eagle Pharmaceuticals, Inc. is the owner and assignee of the '707 patent, subject to the exclusive license referenced herein.  The '707 patent has been listed in connection with BENDEKA® in the Orange Book.

24.     The '831 patent, entitled "Formulations of Bendamustine" (Exhibit B hereto), was duly and legally issued on February 23, 2016.  Eagle Pharmaceuticals, Inc. is the owner and assignee of the '831 patent, subject to the exclusive license referenced herein.  The '831 patent has been listed in connection with BENDEKA® in the Orange Book.

25.     The '796 patent, entitled "Formulations of Bendamustine" (Exhibit C hereto), was duly and legally issued on February 21, 2017.  Eagle Pharmaceuticals, Inc. is the owner and assignee of the '796 patent, subject to the exclusive license referenced herein.  The '796 patent has been listed in connection with BENDEKA® in the Orange Book.

26.     The '797 patent, entitled "Formulations of Bendamustine" (Exhibit D hereto), was duly and legally issued on February 21, 2017.  Eagle Pharmaceuticals, Inc. is the owner and assignee of the '797 patent, subject to the exclusive license referenced herein.  The '797 patent has been listed in connection with BENDEKA® in the Orange Book.

27.     The '908 patent, entitled "Formulations of Bendamustine" (Exhibit E hereto), was duly and legally issued on May 19, 2015.  Eagle Pharmaceuticals, Inc. is the owner

and assignee of the '908 patent, subject to the exclusive license referenced herein. The '908 patent has been listed in connection with BENDEKA® in the Orange Book.

28.    The '568 patent, entitled "Formulations of Bendamustine" (Exhibit F hereto), was duly and legally issued on September 29, 2015. Eagle Pharmaceuticals, Inc. is the owner and assignee of the '568 patent, subject to the exclusive license referenced herein. The '568 patent has been listed in connection with BENDEKA® in the Orange Book.

29.    The '887 patent, entitled "Formulations of Bendamustine" (Exhibit G hereto), was duly and legally issued on February 21, 2017. Eagle Pharmaceuticals, Inc. is the owner and assignee of the '887 patent, subject to the exclusive license referenced herein. The '887 patent has been listed in connection with BENDEKA® in the Orange Book.

30.    The '397 patent, entitled "Formulations of Bendamustine" (Exhibit H hereto), was duly and legally issued on March 21, 2017. Eagle Pharmaceuticals, Inc. is the owner and assignee of the '397 patent, subject to the exclusive license referenced herein. The '397 patent has been listed in connection with BENDEKA® in the Orange Book.

31.    The '398 patent, entitled "Formulations of Bendamustine" (Exhibit I hereto), was duly and legally issued on March 21, 2017. Eagle Pharmaceuticals, Inc. is the owner and assignee of the '398 patent, subject to the exclusive license referenced herein. The '398 patent has been listed in connection with BENDEKA® in the Orange Book.

32.    The '399 patent, entitled "Formulations of Bendamustine" (Exhibit J hereto), was duly and legally issued on March 21, 2017. Eagle Pharmaceuticals, Inc. is the owner and assignee of the '399 patent, subject to the exclusive license referenced herein. The '399 patent has been listed in connection with BENDEKA® in the Orange Book.

33.     The '021 patent, entitled "Method of Treating Bendamustine-Responsive Conditions in Patients Requiring Reduced Volumes for Administration" (Exhibit K hereto), was duly and legally issued on April 7, 2015.  Eagle Pharmaceuticals, Inc. is the owner and assignee of the '021 patent, subject to the exclusive license referenced herein.  The '021 patent has been listed in connection with BENDEKA® in the Orange Book.

34.     The '384 patent, entitled "Method of Treating Bendamustine-Responsive Conditions in Patients Requiring Reduced Volumes for Administration" (Exhibit L hereto), was duly and legally issued on February 28, 2017.  Eagle Pharmaceuticals, Inc. is the owner and assignee of the '384 patent, subject to the exclusive license referenced herein.  The '384 patent has been listed in connection with BENDEKA® in the Orange Book.

35.     The '533 patent, entitled "Formulations of Bendamustine" (Exhibit M hereto), was duly and legally issued on July 3, 2018.  Eagle Pharmaceuticals, Inc. is the owner and assignee of the '533 patent, subject to the exclusive license referenced herein.  The '533 patent has been listed in connection with BENDEKA® in the Orange Book.

36.     The '385 patent, entitled "Formulations of Bendamustine" (Exhibit N hereto), was duly and legally issued on August 21, 2018.  Eagle Pharmaceuticals, Inc. is the owner and assignee of the '385 patent, subject to the exclusive license referenced herein.  The '385 patent has been listed in connection with BENDEKA® in the Orange Book.

37.     On or around February 13, 2015, Cephalon executed an exclusive license (the "Eagle license") to, among other things, the '707 patent, U.S. Patent Application No. 14/031,879 (which later issued as the '831 patent); U.S. Patent Application No. 13/838,090 (which later issued as the '908 patent), U.S. Patent Application No. 13/838,267 (which later issued as the '021 patent), and all patent rights claiming priority to those patents or patent applications (which

include the '796, '797, '568, '887, '397, '398, '399, '384, '533, and '385 patents), for the commercialization of Eagle's bendamustine hydrochloride rapid infusion product, EP-3102, which became BENDEKA®.  The Eagle license provides Cephalon the right to sue for infringement of the licensed patents in the event of, among other things, the filing of an ANDA that makes reference to BENDEKA® and seeks approval before expiry of a licensed patent.

38.     On or around October 14, 2015, Cephalon assigned its rights in the Eagle license to Teva Pharmaceuticals.

## INFRINGEMENT BY LUPIN

39.     By letter dated May 21, 2019 ("Lupin's Notice Letter"), Lupin notified Eagle that Lupin had filed a Paragraph IV Certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) with respect to the Orange Book Patents and that Lupin was seeking approval from the FDA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product prior to the expiration of the Orange Book Patents.  On information and belief, Lupin's ANDA contains a Paragraph IV Certification asserting that Orange Book Patents will not be infringed by the manufacture, use, offer for sale, sale, or importation of Lupin's ANDA Product, or alternatively, that the Orange Book Patents are invalid.

40.     The purpose of Lupin's submission of Lupin's ANDA was to obtain approval under the Federal Food, Drug and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product prior to the expiration of the Orange Book Patents.

41.     In Lupin's Notice Letter, Lupin stated that the active ingredient of Lupin's ANDA Product is bendamustine hydrochloride.

42.    In Lupin's Notice Letter, Lupin stated that the proposed dosage strength of Lupin's ANDA Product is 25 mg/mL.

43.    On information and belief, Lupin's ANDA Product contains propylene glycol, polyethylene glycol, and monothioglycerol in the same or equivalent amounts as BENDEKA®.

44.    On information and belief, the proposed labeling for Lupin's ANDA Product recommends, instructs, and/or promotes administration to patients with chronic lymphocytic leukemia.

45.    On information and belief, the proposed labeling for Lupin's ANDA Product recommends, instructs, and/or promotes administration to patients with indolent B-cell non-Hodgkin lymphoma.

46.    On information and belief, the proposed labeling for Lupin's ANDA Product recommends, instructs, and/or promotes the administration of Lupin's ANDA Product in a volume of about 50 mL or less over a time period of 10-minutes or less.

47.    In an exchange of correspondence, counsel for Teva and counsel for Lupin discussed the terms of Teva's Request for Confidential Access.  The parties did not agree on terms under which Teva could review, *inter alia*, Lupin's ANDA and certain portions of the Drug Master File referred to therein, and Lupin refused to produce other internal documents and data relevant to infringement.

48.    This action is being commenced before the expiration of forty-five days from the date of the receipt of Lupin's Notice Letter.

**COUNT I – INFRINGEMENT BY LUPIN**
**OF U.S. PATENT NO. 8,609,707 UNDER 35 U.S.C. § 271(e)(2)**

49.     Plaintiffs incorporate each of the preceding paragraphs 1–48 as if fully set forth herein.

50.     Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product prior to the expiration of the '707 patent was an act of infringement of the '707 patent under 35 U.S.C. § 271(e)(2)(A).

51.     In its Notice Letter, Lupin did not contest that at least some claims of the '707 patent, including claim 1, cover Lupin's ANDA Product.

52.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '707 patent, either literally or under the doctrine of equivalents.

53.     On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product immediately and imminently upon FDA approval of Lupin's ANDA.

54.     On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '707 patent.

55.     On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '707 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

56.     On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '707 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On

information and belief, Lupin plans and intends to, and will, contribute to infringement of the '707 patent after approval of Lupin's ANDA.

57.     The foregoing actions by Lupin constitute and/or will constitute infringement of the '707 patent, active inducement of infringement of the '707 patent, and contribution to the infringement by others of the '707 patent.

58.     On information and belief, Lupin has acted with full knowledge of the '707 patent and without a reasonable basis for believing that it would not be liable for infringing the '707 patent, actively inducing infringement of the '707 patent, and contributing to the infringement by others of the '707 patent.

59.     Unless Lupin is enjoined from infringing the '707 patent, actively inducing infringement of the '707 patent, and contributing to the infringement by others of the '707 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT II – INFRINGEMENT BY LUPIN
## OF U.S. PATENT NO. 9,265,831 UNDER 35 U.S.C. § 271(e)(2)

60.     Plaintiffs incorporate each of the preceding paragraphs 1–59 as if fully set forth herein.

61.     Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product prior to the expiration of the '831 patent was an act of infringement of the '831 patent under 35 U.S.C. § 271(e)(2)(A).

62.     In its Notice Letter, Lupin did not contest that at least some claims of the '831 patent, including claim 1, cover Lupin's ANDA Product.

63.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '831 patent, either literally or under the doctrine of equivalents.

64.     On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product immediately and imminently upon FDA approval of Lupin's ANDA.

65.     On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '831 patent.

66.     On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '831 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

67.     On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '831 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '831 patent after approval of Lupin's ANDA.

68.     The foregoing actions by Lupin constitute and/or will constitute infringement of the '831 patent, active inducement of infringement of the '831 patent, and contribution to the infringement by others of the '831 patent.

69.     On information and belief, Lupin has acted with full knowledge of the '831 patent and without a reasonable basis for believing that it would not be liable for infringing the

'831 patent, actively inducing infringement of the '831 patent, and contributing to the infringement by others of the '831 patent.

70.     Unless Lupin is enjoined from infringing the '831 patent, actively inducing infringement of the '831 patent, and contributing to the infringement by others of the '831 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT III – INFRINGEMENT BY LUPIN
## OF U.S. PATENT NO. 9,572,796 UNDER 35 U.S.C. § 271(e)(2)

71.     Plaintiffs incorporate each of the preceding paragraphs 1–70 as if fully set forth herein.

72.     Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product prior to the expiration of the '796 patent was an act of infringement of the '796 patent under 35 U.S.C. § 271(e)(2)(A).

73.     In its Notice Letter, Lupin did not contest that at least some claims of the '796 patent, including claim 1, cover Lupin's ANDA Product.

74.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '796 patent, either literally or under the doctrine of equivalents.

75.     On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product immediately and imminently upon FDA approval of Lupin's ANDA.

76.     On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '796 patent.

77.     On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '796 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

78.     On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '796 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '796 patent after approval of Lupin's ANDA.

79.     The foregoing actions by Lupin constitute and/or will constitute infringement of the '796 patent, active inducement of infringement of the '796 patent, and contribution to the infringement by others of the '796 patent.

80.     On information and belief, Lupin has acted with full knowledge of the '796 patent and without a reasonable basis for believing that it would not be liable for infringing the '796 patent, actively inducing infringement of the '796 patent, and contributing to the infringement by others of the '796 patent.

81.     Unless Lupin is enjoined from infringing the '796 patent, actively inducing infringement of the '796 patent, and contributing to the infringement by others of the '796 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT IV – INFRINGEMENT BY LUPIN
## OF U.S. PATENT NO. 9,572,797 UNDER 35 U.S.C. § 271(e)(2)

82.     Plaintiffs incorporate each of the preceding paragraphs 1–81 as if fully set forth herein.

83.     Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's

ANDA Product prior to the expiration of the '797 patent was an act of infringement of the '797 patent under 35 U.S.C. § 271(e)(2)(A).

84.     In its Notice Letter, Lupin did not contest that at least some claims of the '797 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

85.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '797 patent, either literally or under the doctrine of equivalents.

86.     On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product immediately and imminently upon FDA approval of Lupin's ANDA.

87.     On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '797 patent.

88.     On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '797 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

89.     On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '797 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '797 patent after approval of Lupin's ANDA.

90. The foregoing actions by Lupin constitute and/or will constitute infringement of the '797 patent, active inducement of infringement of the '797 patent, and contribution to the infringement by others of the '797 patent.

91. On information and belief, Lupin has acted with full knowledge of the '797 patent and without a reasonable basis for believing that it would not be liable for infringing the '797 patent, actively inducing infringement of the '797 patent, and contributing to the infringement by others of the '797 patent.

92. Unless Lupin is enjoined from infringing the '797 patent, actively inducing infringement of the '797 patent, and contributing to the infringement by others of the '797 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

### COUNT V – INFRINGEMENT BY LUPIN OF U.S. PATENT NO. 9,034,908 UNDER 35 U.S.C. § 271(e)(2)

93. Plaintiffs incorporate each of the preceding paragraphs 1–92 as if fully set forth herein.

94. Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product prior to the expiration of the '908 patent was an act of infringement of the '908 patent under 35 U.S.C. § 271(e)(2)(A).

95. In its Notice Letter, Lupin did not contest that at least some claims of the '908 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

96. On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '908 patent, either literally or under the doctrine of equivalents.

97.     On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product immediately and imminently upon FDA approval of Lupin's ANDA.

98.     On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '908 patent.

99.     On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '908 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

100.    On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '908 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '908 patent after approval of Lupin's ANDA.

101.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '908 patent, active inducement of infringement of the '908 patent, and contribution to the infringement by others of the '908 patent.

102.    On information and belief, Lupin has acted with full knowledge of the '908 patent and without a reasonable basis for believing that it would not be liable for infringing the '908 patent, actively inducing infringement of the '908 patent, and contributing to the infringement by others of the '908 patent.

103.    Unless Lupin is enjoined from infringing the '908 patent, actively inducing infringement of the '908 patent, and contributing to the infringement by others of the '908 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT VI – INFRINGEMENT BY LUPIN
## OF U.S. PATENT NO. 9,144,568 UNDER 35 U.S.C. § 271(e)(2)

104.    Plaintiffs incorporate each of the preceding paragraphs 1–103 as if fully set forth herein.

105.    Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product prior to the expiration of the '568 patent was an act of infringement of the '568 patent under 35 U.S.C. § 271(e)(2)(A).

106.    In its Notice Letter, Lupin did not contest that at least some claims of the '568 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

107.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '568 patent, either literally or under the doctrine of equivalents.

108.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product immediately and imminently upon FDA approval of Lupin's ANDA.

109.    On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '568 patent.

110.    On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '568 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

111.    On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '568 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '568 patent after approval of Lupin's ANDA.

112.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '568 patent, active inducement of infringement of the '568 patent, and contribution to the infringement by others of the '568 patent.

113.    On information and belief, Lupin has acted with full knowledge of the '568 patent and without a reasonable basis for believing that it would not be liable for infringing the '568 patent, actively inducing infringement of the '568 patent, and contributing to the infringement by others of the '568 patent.

114.    Unless Lupin is enjoined from infringing the '568 patent, actively inducing infringement of the '568 patent, and contributing to the infringement by others of the '568 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT VII – INFRINGEMENT BY LUPIN
### OF U.S. PATENT NO. 9,572,887 UNDER 35 U.S.C. § 271(e)(2)

115.    Plaintiffs incorporate each of the preceding paragraphs 1–114 as if fully set forth herein.

116.    Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's

ANDA Product prior to the expiration of the '887 patent was an act of infringement of the '887 patent under 35 U.S.C. § 271(e)(2)(A).

117.     In its Notice Letter, Lupin did not contest that at least some claims of the '887 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

118.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '887 patent, either literally or under the doctrine of equivalents.

119.     On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product immediately and imminently upon FDA approval of Lupin's ANDA.

120.     On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '887 patent.

121.     On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '887 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

122.     On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '887 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '887 patent after approval of Lupin's ANDA.

123.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '887 patent, active inducement of infringement of the '887 patent, and contribution to the infringement by others of the '887 patent.

124.    On information and belief, Lupin has acted with full knowledge of the '887 patent and without a reasonable basis for believing that it would not be liable for infringing the '887 patent, actively inducing infringement of the '887 patent, and contributing to the infringement by others of the '887 patent.

125.    Unless Lupin is enjoined from infringing the '887 patent, actively inducing infringement of the '887 patent, and contributing to the infringement by others of the '887 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT VIII – INFRINGEMENT BY LUPIN
## OF U.S. PATENT NO. 9,597,397 UNDER 35 U.S.C. § 271(e)(2)

126.    Plaintiffs incorporate each of the preceding paragraphs 1–125 as if fully set forth herein.

127.    Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product prior to the expiration of the '397 patent was an act of infringement of the '397 patent under 35 U.S.C. § 271(e)(2)(A).

128.    In its Notice Letter, Lupin did not contest that at least some claims of the '397 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

129.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '397 patent, either literally or under the doctrine of equivalents.

130. On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product immediately and imminently upon FDA approval of Lupin's ANDA.

131. On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '397 patent.

132. On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '397 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

133. On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '397 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '397 patent after approval of Lupin's ANDA.

134. The foregoing actions by Lupin constitute and/or will constitute infringement of the '397 patent, active inducement of infringement of the '397 patent, and contribution to the infringement by others of the '397 patent.

135. On information and belief, Lupin has acted with full knowledge of the '397 patent and without a reasonable basis for believing that it would not be liable for infringing the '397 patent, actively inducing infringement of the '397 patent, and contributing to the infringement by others of the '397 patent.

136.     Unless Lupin is enjoined from infringing the '397 patent, actively inducing infringement of the '397 patent, and contributing to the infringement by others of the '397 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT IX – INFRINGEMENT BY LUPIN
### OF U.S. PATENT NO. 9,597,398 UNDER 35 U.S.C. § 271(e)(2)

137.     Plaintiffs incorporate each of the preceding paragraphs 1–136 as if fully set forth herein.

138.     Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product prior to the expiration of the '398 patent was an act of infringement of the '398 patent under 35 U.S.C. § 271(e)(2)(A).

139.     In its Notice Letter, Lupin did not contest that at least some claims of the '398 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

140.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '398 patent, either literally or under the doctrine of equivalents.

141.     On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product immediately and imminently upon FDA approval of Lupin's ANDA.

142.     On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '398 patent.

143.    On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '398 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

144.    On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '398 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '398 patent after approval of Lupin's ANDA.

145.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '398 patent, active inducement of infringement of the '398 patent, and contribution to the infringement by others of the '398 patent.

146.    On information and belief, Lupin has acted with full knowledge of the '398 patent and without a reasonable basis for believing that it would not be liable for infringing the '398 patent, actively inducing infringement of the '398 patent, and contributing to the infringement by others of the '398 patent.

147.    Unless Lupin is enjoined from infringing the '398 patent, actively inducing infringement of the '398 patent, and contributing to the infringement by others of the '398 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT X – INFRINGEMENT BY LUPIN
## OF U.S. PATENT NO. 9,597,399 UNDER 35 U.S.C. § 271(e)(2)

148.    Plaintiffs incorporate each of the preceding paragraphs 1–147 as if fully set forth herein.

149.    Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's

ANDA Product prior to the expiration of the '399 patent was an act of infringement of the '399 patent under 35 U.S.C. § 271(e)(2)(A).

150.    In its Notice Letter, Lupin did not contest that at least some claims of the '399 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

151.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '399 patent, either literally or under the doctrine of equivalents.

152.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product immediately and imminently upon FDA approval of Lupin's ANDA.

153.    On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '399 patent.

154.    On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '399 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

155.    On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '399 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '399 patent after approval of Lupin's ANDA.

156.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '399 patent, active inducement of infringement of the '399 patent, and contribution to the infringement by others of the '399 patent.

157.    On information and belief, Lupin has acted with full knowledge of the '399 patent and without a reasonable basis for believing that it would not be liable for infringing the '399 patent, actively inducing infringement of the '399 patent, and contributing to the infringement by others of the '399 patent.

158.    Unless Lupin is enjoined from infringing the '399 patent, actively inducing infringement of the '399 patent, and contributing to the infringement by others of the '399 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XI – INFRINGEMENT BY LUPIN
## OF U.S. PATENT NO. 9,000,021 UNDER 35 U.S.C. § 271(e)(2)

159.    Plaintiffs incorporate each of the preceding paragraphs 1–158 as if fully set forth herein.

160.    Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product prior to the expiration of the '021 patent was an act of infringement of the '021 patent under 35 U.S.C. § 271(e)(2)(A).

161.    In its Notice Letter, Lupin did not contest that at least some claims of the '021 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

162.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '021 patent, either literally or under the doctrine of equivalents.

163.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product immediately and imminently upon FDA approval of Lupin's ANDA.

164.    On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '021 patent.

165.    On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '021 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

166.    On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '021 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '021 patent after approval of Lupin's ANDA.

167.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '021 patent, active inducement of infringement of the '021 patent, and contribution to the infringement by others of the '021 patent.

168.    On information and belief, Lupin has acted with full knowledge of the '021 patent and without a reasonable basis for believing that it would not be liable for infringing the '021 patent, actively inducing infringement of the '021 patent, and contributing to the infringement by others of the '021 patent.

169.    Unless Lupin is enjoined from infringing the '021 patent, actively inducing infringement of the '021 patent, and contributing to the infringement by others of the '021 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XII – INFRINGEMENT BY LUPIN
## OF U.S. PATENT NO. 9,579,384 UNDER 35 U.S.C. § 271(e)(2)

170.    Plaintiffs incorporate each of the preceding paragraphs 1–169 as if fully set forth herein.

171.    Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product prior to the expiration of the '384 patent was an act of infringement of the '384 patent under 35 U.S.C. § 271(e)(2)(A).

172.    In its Notice Letter, Lupin did not contest that at least some claims of the '384 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

173.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '384 patent, either literally or under the doctrine of equivalents.

174.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product immediately and imminently upon FDA approval of Lupin's ANDA.

175.    On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '384 patent.

176.     On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '384 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

177.     On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '384 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '384 patent after approval of Lupin's ANDA.

178.     The foregoing actions by Lupin constitute and/or will constitute infringement of the '384 patent, active inducement of infringement of the '384 patent, and contribution to the infringement by others of the '384 patent.

179.     On information and belief, Lupin has acted with full knowledge of the '384 patent and without a reasonable basis for believing that it would not be liable for infringing the '384 patent, actively inducing infringement of the '384 patent, and contributing to the infringement by others of the '384 patent.

180.     Unless Lupin is enjoined from infringing the '384 patent, actively inducing infringement of the '384 patent, and contributing to the infringement by others of the '384 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT XIII – INFRINGEMENT BY LUPIN
### OF U.S. PATENT NO. 10,010,533 UNDER 35 U.S.C. § 271(e)(2)

181.     Plaintiffs incorporate each of the preceding paragraphs 1–180 as if fully set forth herein.

182.     Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of

Lupin's ANDA Product prior to the expiration of the '533 patent was an act of infringement of the '533 patent under 35 U.S.C. § 271(e)(2)(A).

183.    In its Notice Letter, Lupin did not contest that at least some claims of the '533 patent, including claim 1, cover Lupin's ANDA Product.

184.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '533 patent, either literally or under the doctrine of equivalents.

185.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product immediately and imminently upon FDA approval of Lupin's ANDA.

186.    On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '533 patent.

187.    On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '533 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

188.    On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '533 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '533 patent after approval of Lupin's ANDA.

189.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '533 patent, active inducement of infringement of the '533 patent, and contribution to the infringement by others of the '533 patent.

190.    On information and belief, Lupin has acted with full knowledge of the '533 patent and without a reasonable basis for believing that it would not be liable for infringing the '533 patent, actively inducing infringement of the '533 patent, and contributing to the infringement by others of the '533 patent.

191.    Unless Lupin is enjoined from infringing the '533 patent, actively inducing infringement of the '533 patent, and contributing to the infringement by others of the '533 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XIV – INFRINGEMENT BY LUPIN
## OF U.S. PATENT NO. 10,052,385 UNDER 35 U.S.C. § 271(e)(2)

192.    Plaintiffs incorporate each of the preceding paragraphs 1–191 as if fully set forth herein.

193.    Lupin's submission of Lupin's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Lupin's ANDA Product prior to the expiration of the '385 patent was an act of infringement of the '385 patent under 35 U.S.C. § 271(e)(2)(A).

194.    In its Notice Letter, Lupin did not contest that at least some claims of the '385 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

195.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '385 patent, either literally or under the doctrine of equivalents.

196.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product immediately and imminently upon FDA approval of Lupin's ANDA.

197.    On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '385 patent.

198.    On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '385 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

199.    On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '385 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '385 patent after approval of Lupin's ANDA.

200.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '385 patent, active inducement of infringement of the '385 patent, and contribution to the infringement by others of the '385 patent.

201.    On information and belief, Lupin has acted with full knowledge of the '385 patent and without a reasonable basis for believing that it would not be liable for infringing the '385 patent, actively inducing infringement of the '385 patent, and contributing to the infringement by others of the '385 patent.

202.     Unless Lupin is enjoined from infringing the '385 patent, actively inducing infringement of the '385 patent, and contributing to the infringement by others of the '385 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

**COUNT XV – DECLARATORY JUDGMENT OF INFRINGEMENT
BY LUPIN OF U.S. PATENT NO. 8,609,707**

203.     Plaintiffs incorporate each of the preceding paragraphs 1–202 as if fully set forth herein.

204.     Lupin has knowledge of the '707 patent.

205.     In its Notice Letter, Lupin did not contest that at least some claims of the '707 patent, including claim 1, cover Lupin's ANDA Product.

206.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '707 patent, either literally or under the doctrine of equivalents.

207.     On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product with its proposed labeling upon FDA approval of Lupin's ANDA.

208.     On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '707 patent.

209.     On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '707 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

210.     On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '707 patent and that its

ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '707 patent after approval of Lupin's ANDA.

211.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '707 patent, active inducement of infringement of the '707 patent, and contribution to the infringement by others of the '707 patent.

212.    On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '707 patent, actively inducing infringement of the '707 patent, and contributing to the infringement by others of the '707 patent.

213.    Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Product with its proposed labeling according to Lupin's ANDA will infringe one or more claims of the '707 patent and whether one or more claims of the '707 patent are valid.

214.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '707 patent and that the claims of the '707 patent are valid.

215.    Lupin should be enjoined from infringing the '707 patent, actively inducing infringement of the '707 patent, and contributing to the infringement by others of the '707 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT XVI – DECLARATORY JUDGMENT OF INFRINGEMENT BY LUPIN OF U.S. PATENT NO. 9,265,831

216.    Plaintiffs incorporate each of the preceding paragraphs 1–215 as if fully set forth herein.

217.    Lupin has knowledge of the '831 patent.

218.    In its Notice Letter, Lupin did not contest that at least some claims of the '831 patent, including claim 1, cover Lupin's ANDA Product.

219.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '831 patent, either literally or under the doctrine of equivalents.

220.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product with its proposed labeling upon FDA approval of Lupin's ANDA.

221.    On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '831 patent.

222.    On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '831 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

223.    On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '831 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '831 patent after approval of Lupin's ANDA.

224. The foregoing actions by Lupin constitute and/or will constitute infringement of the '831 patent, active inducement of infringement of the '831 patent, and contribution to the infringement by others of the '831 patent.

225. On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '831 patent, actively inducing infringement of the '831 patent, and contributing to the infringement by others of the '831 patent.

226. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Product with its proposed labeling according to Lupin's ANDA will infringe one or more claims of the '831 patent and whether one or more claims of the '831 patent are valid.

227. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '831 patent and that the claims of the '831 patent are valid.

228. Lupin should be enjoined from infringing the '831 patent, actively inducing infringement of the '831 patent, and contributing to the infringement by others of the '831 patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT XVII – DECLARATORY JUDGMENT OF INFRINGEMENT BY LUPIN OF U.S. PATENT NO. 9,572,796

229. Plaintiffs incorporate each of the preceding paragraphs 1–228 as if fully set forth herein.

230. Lupin has knowledge of the '796 patent.

231.    In its Notice Letter, Lupin did not contest that at least some claims of the '796 patent, including claim 1, cover Lupin's ANDA Product.

232.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '796 patent, either literally or under the doctrine of equivalents.

233.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product with its proposed labeling upon FDA approval of Lupin's ANDA.

234.    On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '796 patent.

235.    On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '796 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

236.    On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '796 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '796 patent after approval of Lupin's ANDA.

237.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '796 patent, active inducement of infringement of the '796 patent, and contribution to the infringement by others of the '796 patent.

238.    On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '796 patent, actively inducing infringement of the '796 patent, and contributing to the infringement by others of the '796 patent.

239.    Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Product with its proposed labeling according to Lupin's ANDA will infringe one or more claims of the '796 patent and whether one or more claims of the '796 patent are valid.

240.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '796 patent and that the claims of the '796 patent are valid.

241.    Lupin should be enjoined from infringing the '796 patent, actively inducing infringement of the '796 patent, and contributing to the infringement by others of the '796 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT XVIII – DECLARATORY JUDGMENT OF INFRINGEMENT BY LUPIN OF U.S. PATENT NO. 9,572,797

242.    Plaintiffs incorporate each of the preceding paragraphs 1–241 as if fully set forth herein.

243.    Lupin has knowledge of the '797 patent.

244.    In its Notice Letter, Lupin did not contest that at least some claims of the '797 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

245.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '797 patent, either literally or under the doctrine of equivalents.

246.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product with its proposed labeling upon FDA approval of Lupin's ANDA.

247.    On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '797 patent.

248.    On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '797 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

249.    On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '797 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '797 patent after approval of Lupin's ANDA.

250.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '797 patent, active inducement of infringement of the '797 patent, and contribution to the infringement by others of the '797 patent.

251.    On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '797 patent, actively inducing infringement of the '797 patent, and contributing to the infringement by others of the '797 patent.

252.     Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Product with its proposed labeling according to Lupin's ANDA will infringe one or more claims of the '797 patent and whether one or more claims of the '797 patent are valid.

253.     Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '797 patent and that the claims of the '797 patent are valid.

254.     Lupin should be enjoined from infringing the '797 patent, actively inducing infringement of the '797 patent, and contributing to the infringement by others of the '797 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XIX – DECLARATORY JUDGMENT OF INFRINGEMENT BY LUPIN OF U.S. PATENT NO. 9,034,908

255.     Plaintiffs incorporate each of the preceding paragraphs 1–254 as if fully set forth herein.

256.     Lupin has knowledge of the '908 patent.

257.     In its Notice Letter, Lupin did not contest that at least some claims of the '908 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

258.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '908 patent, either literally or under the doctrine of equivalents.

259.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product with its proposed labeling upon FDA approval of Lupin's ANDA.

260.    On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '908 patent.

261.    On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '908 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

262.    On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '908 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '908 patent after approval of Lupin's ANDA.

263.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '908 patent, active inducement of infringement of the '908 patent, and contribution to the infringement by others of the '908 patent.

264.    On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '908 patent, actively inducing infringement of the '908 patent, and contributing to the infringement by others of the '908 patent.

265.    Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Product with its proposed labeling according

to Lupin's ANDA will infringe one or more claims of the '908 patent and whether one or more claims of the '908 patent are valid.

266.     Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '908 patent and that the claims of the '908 patent are valid.

267.     Lupin should be enjoined from infringing the '908 patent, actively inducing infringement of the '908 patent, and contributing to the infringement by others of the '908 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XX – DECLARATORY JUDGMENT OF INFRINGEMENT BY LUPIN OF U.S. PATENT NO. 9,144,568

268.     Plaintiffs incorporate each of the preceding paragraphs 1–267 as if fully set forth herein.

269.     Lupin has knowledge of the '568 patent.

270.     In its Notice Letter, Lupin did not contest that at least some claims of the '568 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

271.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '568 patent, either literally or under the doctrine of equivalents.

272.     On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product with its proposed labeling upon FDA approval of Lupin's ANDA.

273.     On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '568 patent.

274.     On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '568 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

275.     On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '568 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.   On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '568 patent after approval of Lupin's ANDA.

276.     The foregoing actions by Lupin constitute and/or will constitute infringement of the '568 patent, active inducement of infringement of the '568 patent, and contribution to the infringement by others of the '568 patent.

277.     On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '568 patent, actively inducing infringement of the '568 patent, and contributing to the infringement by others of the '568 patent.

278.     Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Product with its proposed labeling according to Lupin's ANDA will infringe one or more claims of the '568 patent and whether one or more claims of the '568 patent are valid.

279.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '568 patent and that the claims of the '568 patent are valid.

280.    Lupin should be enjoined from infringing the '568 patent, actively inducing infringement of the '568 patent, and contributing to the infringement by others of the '568 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XXI – DECLARATORY JUDGMENT OF INFRINGEMENT BY LUPIN OF U.S. PATENT NO. 9,572,887

281.    Plaintiffs incorporate each of the preceding paragraphs 1–280 as if fully set forth herein.

282.    Lupin has knowledge of the '887 patent.

283.    In its Notice Letter, Lupin did not contest that at least some claims of the '887 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

284.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '887 patent, either literally or under the doctrine of equivalents.

285.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product with its proposed labeling upon FDA approval of Lupin's ANDA.

286.    On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '887 patent.

287.    On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '887 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

288.    On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '887 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '887 patent after approval of Lupin's ANDA.

289.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '887 patent, active inducement of infringement of the '887 patent, and contribution to the infringement by others of the '887 patent.

290.    On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '887 patent, actively inducing infringement of the '887 patent, and contributing to the infringement by others of the '887 patent.

291.    Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Product with its proposed labeling according to Lupin's ANDA will infringe one or more claims of the '887 patent and whether one or more claims of the '887 patent are valid.

292.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '887 patent and that the claims of the '887 patent are valid.

293.     Lupin should be enjoined from infringing the '887 patent, actively inducing infringement of the '887 patent, and contributing to the infringement by others of the '887 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XXII – DECLARATORY JUDGMENT OF INFRINGEMENT BY LUPIN OF U.S. PATENT NO. 9,597,397

294.     Plaintiffs incorporate each of the preceding paragraphs 1–293 as if fully set forth herein.

295.     Lupin has knowledge of the '397 patent.

296.     In its Notice Letter, Lupin did not contest that at least some claims of the '397 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

297.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '397 patent, either literally or under the doctrine of equivalents.

298.     On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product with its proposed labeling upon FDA approval of Lupin's ANDA.

299.     On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '397 patent.

300.     On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '397 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

301. On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '397 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '397 patent after approval of Lupin's ANDA.

302. The foregoing actions by Lupin constitute and/or will constitute infringement of the '397 patent, active inducement of infringement of the '397 patent, and contribution to the infringement by others of the '397 patent.

303. On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '397 patent, actively inducing infringement of the '397 patent, and contributing to the infringement by others of the '397 patent.

304. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Product with its proposed labeling according to Lupin's ANDA will infringe one or more claims of the '397 patent and whether one or more claims of the '397 patent are valid.

305. Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '397 patent and that the claims of the '397 patent are valid.

306. Lupin should be enjoined from infringing the '397 patent, actively inducing infringement of the '397 patent, and contributing to the infringement by others of the '397 patent; otherwise Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

## COUNT XXIII – DECLARATORY JUDGMENT OF INFRINGEMENT
## BY LUPIN OF U.S. PATENT NO. 9,597,398

307.    Plaintiffs incorporate each of the preceding paragraphs 1–306 as if fully set forth herein.

308.    Lupin has knowledge of the '398 patent.

309.    In its Notice Letter, Lupin did not contest that at least some claims of the '398 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

310.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '398 patent, either literally or under the doctrine of equivalents.

311.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product with its proposed labeling upon FDA approval of Lupin's ANDA.

312.    On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '398 patent.

313.    On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '398 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

314.    On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '398 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On

information and belief, Lupin plans and intends to, and will, contribute to infringement of the '398 patent after approval of Lupin's ANDA.

315.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '398 patent, active inducement of infringement of the '398 patent, and contribution to the infringement by others of the '398 patent.

316.    On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '398 patent, actively inducing infringement of the '398 patent, and contributing to the infringement by others of the '398 patent.

317.    Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Product with its proposed labeling according to Lupin's ANDA will infringe one or more claims of the '398 patent and whether one or more claims of the '398 patent are valid.

318.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '398 patent and that the claims of the '398 patent are valid.

319.    Lupin should be enjoined from infringing the '398 patent, actively inducing infringement of the '398 patent, and contributing to the infringement by others of the '398 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XXIV – DECLARATORY JUDGMENT OF INFRINGEMENT BY LUPIN OF U.S. PATENT NO. 9,597,399

320.    Plaintiffs incorporate each of the preceding paragraphs 1–319 as if fully set forth herein.

321.    Lupin has knowledge of the '399 patent.

322.    In its Notice Letter, Lupin did not contest that at least some claims of the '399 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

323.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '399 patent, either literally or under the doctrine of equivalents.

324.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product with its proposed labeling upon FDA approval of Lupin's ANDA.

325.    On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '399 patent.

326.    On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '399 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

327.    On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '399 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '399 patent after approval of Lupin's ANDA.

328.     The foregoing actions by Lupin constitute and/or will constitute infringement of the '399 patent, active inducement of infringement of the '399 patent, and contribution to the infringement by others of the '399 patent.

329.     On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '399 patent, actively inducing infringement of the '399 patent, and contributing to the infringement by others of the '399 patent.

330.     Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Product with its proposed labeling according to Lupin's ANDA will infringe one or more claims of the '399 patent and whether one or more claims of the '399 patent are valid.

331.     Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '399 patent and that the claims of the '399 patent are valid.

332.     Lupin should be enjoined from infringing the '399 patent, actively inducing infringement of the '399 patent, and contributing to the infringement by others of the '399 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT XXV – DECLARATORY JUDGMENT OF INFRINGEMENT BY LUPIN OF U.S. PATENT NO. 9,000,021

333.     Plaintiffs incorporate each of the preceding paragraphs 1–332 as if fully set forth herein.

334.     Lupin has knowledge of the '021 patent.

335.     In its Notice Letter, Lupin did not contest that at least some claims of the '021 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

336.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '021 patent, either literally or under the doctrine of equivalents.

337.     On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product with its proposed labeling upon FDA approval of Lupin's ANDA.

338.     On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '021 patent.

339.     On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '021 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

340.     On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '021 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '021 patent after approval of Lupin's ANDA.

341.     The foregoing actions by Lupin constitute and/or will constitute infringement of the '021 patent, active inducement of infringement of the '021 patent, and contribution to the infringement by others of the '021 patent.

342.    On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '021 patent, actively inducing infringement of the '021 patent, and contributing to the infringement by others of the '021 patent.

343.    Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Product with its proposed labeling according to Lupin's ANDA will infringe one or more claims of the '021 patent and whether one or more claims of the '021 patent are valid.

344.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '021 patent and that the claims of the '021 patent are valid.

345.    Lupin should be enjoined from infringing the '021 patent, actively inducing infringement of the '021 patent, and contributing to the infringement by others of the '021 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT XXVI – DECLARATORY JUDGMENT OF INFRINGEMENT BY LUPIN OF U.S. PATENT NO. 9,579,384

346.    Plaintiffs incorporate each of the preceding paragraphs 1–345 as if fully set forth herein.

347.    Lupin has knowledge of the '384 patent.

348.    In its Notice Letter, Lupin did not contest that at least some claims of the '384 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

349.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '384 patent, either literally or under the doctrine of equivalents.

350.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product with its proposed labeling upon FDA approval of Lupin's ANDA.

351.    On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '384 patent.

352.    On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '384 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

353.    On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '384 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '384 patent after approval of Lupin's ANDA.

354.    The foregoing actions by Lupin constitute and/or will constitute infringement of the '384 patent, active inducement of infringement of the '384 patent, and contribution to the infringement by others of the '384 patent.

355.    On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '384 patent, actively inducing infringement of the '384 patent, and contributing to the infringement by others of the '384 patent.

356.     Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Product with its proposed labeling according to Lupin's ANDA will infringe one or more claims of the '384 patent and whether one or more claims of the '384 patent are valid.

357.     Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '384 patent and that the claims of the '384 patent are valid.

358.     Lupin should be enjoined from infringing the '384 patent, actively inducing infringement of the '384 patent, and contributing to the infringement by others of the '384 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT XXVII – DECLARATORY JUDGMENT OF INFRINGEMENT BY LUPIN OF U.S. PATENT NO. 10,010,533

359.     Plaintiffs incorporate each of the preceding paragraphs 1–358 as if fully set forth herein.

360.     Lupin has knowledge of the '533 patent.

361.     In its Notice Letter, Lupin did not contest that at least some claims of the '533 patent, including claim 1, cover Lupin's ANDA Product.

362.     On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '533 patent, either literally or under the doctrine of equivalents.

363. On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product with its proposed labeling upon FDA approval of Lupin's ANDA.

364. On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '533 patent.

365. On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '533 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

366. On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '533 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '533 patent after approval of Lupin's ANDA.

367. The foregoing actions by Lupin constitute and/or will constitute infringement of the '533 patent, active inducement of infringement of the '533 patent, and contribution to the infringement by others of the '533 patent.

368. On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '533 patent, actively inducing infringement of the '533 patent, and contributing to the infringement by others of the '533 patent.

369. Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Product with its proposed labeling according

to Lupin's ANDA will infringe one or more claims of the '533 patent and whether one or more claims of the '533 patent are valid.

370.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '533 patent and that the claims of the '533 patent are valid.

371.    Lupin should be enjoined from infringing the '533 patent, actively inducing infringement of the '533 patent, and contributing to the infringement by others of the '533 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

**COUNT XXVIII – DECLARATORY JUDGMENT OF INFRINGEMENT
BY LUPIN OF U.S. PATENT NO. 10,052,385**

372.    Plaintiffs incorporate each of the preceding paragraphs 1–371 as if fully set forth herein.

373.    Lupin has knowledge of the '385 patent.

374.    In its Notice Letter, Lupin did not contest that at least some claims of the '385 patent, including claim 1, cover the use of Lupin's ANDA Product as directed by Lupin's proposed labeling.

375.    On information and belief, the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product would infringe one or more claims of the '385 patent, either literally or under the doctrine of equivalents.

376.    On information and belief, Lupin will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Lupin's ANDA Product with its proposed labeling upon FDA approval of Lupin's ANDA.

377.     On information and belief, the use of Lupin's ANDA Product in accordance with and as directed by Lupin's proposed labeling for that product would infringe one or more claims of the '385 patent.

378.     On information and belief, Lupin plans and intends to, and will, actively induce infringement of the '385 patent when Lupin's ANDA is approved, and plans and intends to, and will, do so after approval.

379.     On information and belief, Lupin knows that its ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '533 patent and that its ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Lupin plans and intends to, and will, contribute to infringement of the '385 patent after approval of Lupin's ANDA.

380.     The foregoing actions by Lupin constitute and/or will constitute infringement of the '533 patent, active inducement of infringement of the '385 patent, and contribution to the infringement by others of the '385 patent.

381.     On information and belief, Lupin has acted without a reasonable basis for believing that it would not be liable for infringing the '385 patent, actively inducing infringement of the '385 patent, and contributing to the infringement by others of the '385 patent.

382.     Accordingly, there is a real, substantial, and continuing case or controversy between Plaintiffs and Lupin regarding whether Lupin's manufacture, use, sale, offer for sale, or importation into the United States of Lupin's ANDA Product with its proposed labeling according to Lupin's ANDA will infringe one or more claims of the '385 patent and whether one or more claims of the '385 patent are valid.

383.    Plaintiffs should be granted a declaratory judgment that the making, using, sale, offer for sale, and importation into the United States of Lupin's ANDA Product with its proposed labeling would infringe, actively induce the infringement of, and contribute to the infringement by others of the '385 patent and that the claims of the '385 patent are valid.

384.    Lupin should be enjoined from infringing the '385 patent, actively inducing infringement of the '385 patent, and contributing to the infringement by others of the '385 patent; otherwise Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

(a)    A judgment that Lupin has infringed, will infringe, and will induce and contribute to infringement of the '707, '831, '796, '797, '908, '568, '887, '397, '398, '399, '021, '384, '533, and '385 patents (the "Patents-in-Suit");

(b)    A judgment that the Patents-in-Suit are valid and enforceable;

(c)    A judgment pursuant to, *inter alia*, 35 U.S.C. § 271(e)(4)(A) ordering that the effective date of any FDA approval for Lupin to make, use, offer for sale, sell, market, distribute, or import Lupin's ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, be not earlier than the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    A preliminary and permanent injunction pursuant to, among other things, 35 U.S.C. §§ 271(e)(4)(B) and 283 enjoining Lupin, its officers, agents, servants, employees and attorneys, and all persons acting in concert with them, from making, using, selling, offering for sale, marketing, distributing, or importing Lupin's ANDA Product, or any product the making,

using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, or the inducement of or the contribution to any of the foregoing, prior to the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

(e)     A judgment declaring that making, using, selling, offering for sale, marketing, distributing, or importing Lupin's ANDA Product, or any product or compound the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, prior to the expiration date of the Patents-in-Suit, respectively, will infringe, actively induce infringement of, and/or contribute to the infringement by others of the Patents-in-Suit;

(f)     An award of Plaintiffs' damages or other monetary relief to compensate Plaintiffs if Lupin engages in the manufacture, use, offer for sale, sale, marketing, distribution, or importation of Lupin's ANDA Product, or any product the making, using, offering for sale, sale, marketing, distribution, or importation of which infringes the Patents-in-Suit, or the inducement of or the contribution to any of the foregoing, prior to the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(C);

(g)     A declaration that this case is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

(h)     An award of Plaintiffs' costs and expenses in this action; and

(i)     Such further and other relief as this Court may deem just and proper.

*/s/ Karen E. Keller*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Teva Pharmaceuticals
International GmbH, Cephalon, Inc., and
Eagle Pharmaceuticals, Inc.*

OF COUNSEL:
David I. Berl
Adam D. Harber
Shaun P. Mahaffy
Ben V. Picozzi
Elise M. Baumgarten
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

*Attorneys for Teva Pharmaceuticals
International GmbH and Cephalon, Inc.*

OF COUNSEL:
Daniel G. Brown
Michelle L. Ernst
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
(212) 906-1200
Kenneth G. Schuler
Marc N. Zubick
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
(312) 876-7700

*Attorneys for Eagle Pharmaceuticals, Inc.*

Dated: July 2, 2019